IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NATHANIEL TODD, # R-12865,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 12-cv-1201-MJR |
| ) | |
| **WEXFORD HEALTH CARE,** ) | |
| **S. A. GODINEZ, DR. PHIL MARTIN,** ) | |
| **LAWRENCE CORRECTIONAL CENTER,** ) | |
| **DR. JAMES FENOGLIO,** ) | |
| **ELAINE HANDY, and C. BROCKS,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently serving a fifteen year sentence for aggravated battery, and has been in custody since February 2009.[1] Plaintiff claims that Defendants were deliberately indifferent to a serious medical condition.

Specifically, Plaintiff suffers from back and joint problems so severe and painful that he was to undergo back surgery and have his right knee joint surgically replaced (Doc. 1, p. 5). Although the handwritten complaint is difficult to decipher, it appears Plaintiff had been referred for these two surgical procedures in May 2008, prior to his incarceration. In addition, the knee replacement surgery was approved on October 23, 2009 while Plaintiff was in the Cook County Jail. *Id.* However, for the past two years while he has been in Lawrence, Defendant

---

[1] Sentence information obtained from the Illinois Department of Corrections, Inmate Search page, http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited December 12, 2012).

Wexford Health Care ("Wexford") and Defendants Martin and Fenoglio (both physicians at Lawrence) have refused to allow Plaintiff to undergo either surgery. *Id.*  In addition, Plaintiff has endured long periods with no treatment at all for his "chronic excruciating severe pain" in his back and knees (Doc. 1, pp. 6-7).  In February 2011, Defendant Fenoglio refused to give him pain medications, and told him to buy over-the-counter painkillers at the commissary (Doc. 1, p. 8).  At that time, Plaintiff had no funds to do so.

Plaintiff also complains that there was a seven month delay in providing him with a walking cane, and he had to wait twelve months before he was given a low gallery permit to reduce the necessity for him to climb or descend stairs (Doc. 1, p. 8).  Further, Plaintiff suffered new injuries to his back, knee, head and neck on June 30, 2012, when he tripped and fell.  He was using his cane to walk, and his hands were cuffed (Doc. 1, pp. 6-7).  After this fall, he received no medical care for more than a week.

Plaintiff seeks compensatory and punitive damages, but does not request any injunctive relief.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Martin, Fenoglio, and Wexford Health Care for deliberate indifference to medical needs.

However, the claim against Defendant Godinez (the Director of the Illinois Department of Corrections) shall be dismissed on initial review because the doctrine of *respondeat superior* is not applicable to § 1983 actions.  In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d

612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). There is no indication from the complaint that Defendant Godinez was in any way personally involved in any aspect of Plaintiff's medical care. Furthermore, where a prisoner is under the care of prison medical professionals, a non-medical prison official "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just a form of failing to provide a gratuitous rescue service." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Accordingly, Defendant Godinez shall be dismissed from the action with prejudice.

Though Plaintiff lists Defendants Handy and Brocks among the "Additional Defendants" on page 2 of the complaint, he fails to mention them elsewhere in the document. Plaintiff identifies Defendant Brocks as a nurse, but makes no allegations against her or Defendant Handy in the body of his complaint. Therefore, the Court is unable to ascertain what claims, if any, Plaintiff has against these Defendants. Plaintiffs are required to associate specific defendants with specific claims so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v.*

*Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Because Plaintiff has not included any allegations against Defendants Handy and Brocks in his complaint, he has not adequately stated claims against these individuals, or put them on notice of any claims that he may have against them. For this reason, Defendants Handy and Brocks will be dismissed from this action without prejudice.

Finally, the Lawrence Correctional Center is not a proper Defendant in a civil rights action seeking damages. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). The Lawrence Correctional Center, which is a division of the Illinois Department of Corrections, is likewise not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 damages claim. *See Will*, 491 U.S. at 71.

Accordingly, Defendant Lawrence Correctional Center shall be dismissed from this action with prejudice.

**Pending Motions**

Plaintiff's motion for appointment of counsel (Doc. 2) shall be referred to United States Magistrate Judge Williams for further consideration.

Plaintiff's motion for service at government expense (Doc. 3) is **GRANTED IN PART AND DENIED IN PART.** Plaintiff has paid the filing fee for this action in full. The Court recognizes that because Plaintiff is incarcerated, he may have difficulty effectuating service within the 120 day time limit imposed by Federal Rule of Civil Procedure 4(m). Service

on the three remaining Defendants shall be ordered below (no summons shall be issued for the dismissed Defendants).

Along with his complaint, Plaintiff filed a "Notice of Motion for Petition to Prosecute Defendants" (Doc. 4). It is essentially a memorandum of law, repeating many of the allegations in the complaint, citing cases supporting Plaintiff's claim that Defendants have violated his civil rights, and asking the Court to allow him to prosecute them for those violations. As noted above, Plaintiff shall be allowed to proceed on his claims against three of the Defendants (Wexford, Martin, and Fenoglio). However, the other Defendants (Godinez, Lawrence Correctional Center, Handy, and Brocks) shall be dismissed from the action. Accordingly, the motion (Doc. 4) is **GRANTED IN PART AND DENIED IN PART.**

Finally, two motions for miscellaneous relief are before the Court. Doc. 9 is entitled "Notice of Motion of Deliberate Indifference to Elective Surgery." Plaintiff titled Doc. 11 as "Notice of Motion of Violation of Elective Surgery." This motion was received on December 12, 2012, and is the subject of the Order at Doc. 8, which directed numerous documents tendered by Plaintiff to be returned to him unfiled, because they are not necessary for § 1915A review of a complaint (*See also* Doc. 12).

Doc. 9 repeats some of the allegations in the complaint regarding the denial of Plaintiff's knee and back surgeries. However, it also adds new allegations regarding discontinuation of prescribed medications, misconduct of unnamed guards who forced him to walk while handcuffed, and concerns arising from a December 16, 2012, medical visit that occurred after the filing of the operative complaint. Plaintiff also invokes the Americans With Disabilities Act for the first time. No specific relief is requested in this motion.

Doc. 11 was accompanied by an affidavit from another inmate regarding the prison's

failure to provide a proper diet for diabetic prisoners (Doc. 11, p. 4). Plaintiff also submitted several pages labeled as sworn affidavits, but which are actually another memorandum of law (Doc. 11, pp. 5-14). Plaintiff does not request any relief in this motion, and his purpose in filing it is not clear. He repeats allegations made in the complaint regarding denial of back and knee surgery, but also includes new allegations that he is not being treated for prostate cancer or peptic ulcers.

Assuming that it was Plaintiff's intent to amend or add to his complaint via these motions (Docs. 9 and 11), such request is **DENIED.** The Court will not accept piecemeal amendments to the original complaint. Any proposed amendments or supplements to the complaint must be properly filed pursuant to Federal Rule of Civil Procedure 15(a) or (d). In addition, Southern District of Illinois Local Rule 15.1 requires that the proposed amendment to a pleading or amended pleading itself must be submitted at the time the motion to amend is filed. And finally, an amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). Therefore, the allegations in Plaintiff's motions at Doc. 9 ("Notice of Motion of Deliberate Indifference to Elective Surgery") and Doc. 11 ("Notice of Motion of Violation of Elective Surgery") shall not be considered unless they are included in a properly filed amended complaint, or brought in a new separate action.

**Disposition**

Defendants **HANDY** and **BROCKS** are **DISMISSED** from this action without prejudice. Defendants **GODINEZ** and **LAWRENCE CORRECTIONAL CENTER** are **DISMISSED** from this action with prejudice.

The Clerk of Court is **DIRECTED** to (1) issue summons to Defendants

**WEXFORD HEALTH CARE, MARTIN,** and **FENOGLIO;** (2) prepare, on Plaintiff's behalf, a form USM-285 for each Defendant, and (3) deliver service packets for each Defendant, consisting of the completed summons, a USM-285 form, a copy of the complaint, and a copy of this Memorandum and Order, to the United States Marshal Service.  The United States Marshal **SHALL**, pursuant to Federal Rule of Civil Procedure 4, personally serve upon each Defendant the summons, a copy of the complaint, and a copy of this Memorandum and Order.  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshal Service.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 20, 2012**

<u>s/ MICHAEL J. REAGAN</u>
United States District Judge