IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHANIEL TODD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12−cv−1201− SCW |
| | ) |
| VIPIN SHAH and | ) |
| GLADYSE C. TAYLOR | ) |
| | ) |
| Defendants. | |

## ORDER

**WILLIAMS, Magistrate Judge:**

On July 8, 2015, the Court held a bench trial on the question of whether Plaintiff is entitled to injunctive relief on his claim that he is continually being denied appropriate medical treatment for his osteoarthritis. Jonathan Potts appeared for Plaintiff. Adam Poe appeared for Gladyse Taylor. Leslie Warren and Tim Dugan for Vipin Shah. The Court heard oral argument from the parties. The following is a summary of the Court's ruling, which can be found in full on the record.

To prevail, a prisoner who brings an Eighth Amendment challenge of constitutionally-deficient medical care must satisfy a two-part test. **Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011),** *citing Johnson v. Snyder***, 444 F.3d 579, 584 (7th Cir. 2006).** The first prong that must be satisfied is whether the prisoner has shown he has an objectively serious medical need. **Arnett, 658 F.3d at 750. Accord Greeno, 414 F.3d at 653.** Only if the objective prong is satisfied is it necessary to analyze the second, subjective prong, which focuses on whether a defendant's state of mind was sufficiently culpable, i.e. deliberately indifferent. **Greeno v. Daley, 414 F.3d 645, 652–53 (7th Cir. 2005).**

The Court believes that osteoarthritis constitutes a serious medical need. Plaintiff has proven that he has moderate osteoarthritis. Plaintiff would prefer that his condition be described as

1

"severe," but he has not submitted more than a single medical record on that point. Defendants have submitted live testimony of three physicians and a nurse practitioner, in support of the proposition that Plaintiff's condition is mild to moderate. The Court therefore finds that a single document cannot counter their testimony and that it remains an open question whether Plaintiff suffers from "severe" osteoarthritis. It has been proven that he suffers from moderate osteoarthritis, a serious medical need.

However, the Court finds that Shah has not been deliberately indifferent to Plaintiff's serious medical needs. The Court finds it significant that Shah did not have the document describing the condition as severe and recommending surgery until today. However, Shah indicated that he would take that document into consideration going forward. He further indicated that he would have a discussion with Plaintiff regarding his pain management options, and may consider ordering more tests. The Court does not believe that the acknowledgment of this information and the steps he might take in the future show that Shah has been deliberately indifferent in the past. Based on the evidence, the Court concludes that Plaintiff has not demonstrated that Shah has treated his condition with deliberate indifference.

The Court further finds that Plaintiff has not been compliant with his treatment providers in the past, and that some of his statements regarding his past care are not credible. For example, the Court finds that Plaintiff's testimony that no one ordered the records is not credible. There is evidence in the record that the defendants did order the records, although it appears that not all treaters have been working off a complete set. The Court also finds that the record shows that Plaintiff has hoarded Ultram in large amounts in the past. This conduct gives the Court some concern over Plaintiff's credibility and his purpose in refusing past medication. In light of these issues, the Court cannot credit Plaintiff's testimony that his condition is so serious as to require surgery.

It is also significant that Plaintiff has not been complying with his treatment. The doctors must be able to react to the effects of the treatment. They cannot do this without Plaintiff's cooperation. Plaintiff also has to be amenable to a blood test. The Court does not accept Plaintiff's representation that he would start complying with his medical treatment if only people would give him his preferred treatment. Plaintiff has been receiving treatment for his condition; he has been given a low gallery/low bunk permits, a cane, and other treatment. The medical treaters cannot make accurate determinations about what further treatment Plaintiff may need without his cooperation.

Plaintiff has not proven the second prong of the subjective analysis. The Court therefore finds in favor of Dr. Shah and acting Director Taylor.

**IT IS SO ORDERED**

**Date:** July 8, 2015                                         /s/ *Stephen C. Williams*
                                                              Stephen C. Williams
                                                              United States Magistrate Judge